UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-25994-RAR

**ALFREDO BLESS**,

    Plaintiff,

v.

**WARDEN, FRANSICO ACOSTA**, *et al.*,

    Defendants.

_____/

## ORDER CLOSING CASE

**THIS CAUSE** comes before the Court on Plaintiff Alfredo Bless's *pro se* "Emergency Petition for Temporary Restraining Order" ("Petition"), [ECF No. 1], and "Declaration in Support of Petition for Temporary Restraining Order" ("Declaration"), [ECF No. 1-1]. Plaintiff, presently detained at South Florida Reception Center in Doral, Florida, seeks a temporary restraining order against four Defendants to prevent another "vicious [and] furious[,] bruttal [sic] physical beating[.]" Pet. at 2 (cleaned up). Plaintiff insists that Defendants' alleged "threats . . . [will] be carried out"—including threats to "kill" him—"simply because [he] dares to wear a religious beard[.]" *Id.* at 3. If the Court does not "issue a temporary restraining order[ ] immediately," he claims, Defendants will "shave[ ] his religious beard [and] face" and "cause[ ] caterstrophic [sic] damages or even death[.]" *Id.*

Because Plaintiff is a prisoner proceeding *pro se* and has not paid the Clerk's filing fee, the Court must review his pleading under 28 U.S.C. §§ 1915(e), 1915A. The Court may dismiss "at any time" if the Court "determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (alterations added). After careful review, the Court determines that Plaintiff's pleading must be **DISMISSED without prejudice**.

### I. Procedurally Defective Request for Injunctive Relief

At the outset, Plaintiff's freestanding request for a temporary restraining order is deficient. "[I]njunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). However, "there is no operative complaint in this case" aside from Plaintiff's sole "petition" seeking a temporary restraining order against Defendants; thus, the Court "[lacks] power to issue preliminary injunctive relief." *Heagney v. Metz*, No. 22-CV-1268, 2022 WL 2402261, at *1 (M.D. Fla. July 3, 2022); *see also Powell v. Rios*, 241 F. App'x 500, 505 n.4 (10th Cir. 2007) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." (citations omitted)); *see, e.g.*, *Leiphart v. Fams. First Network*, No. 25-CV-605, 2025 WL 1372847, at *2 (N.D. Fla. May 12, 2025) (finding that it did "not have authority to issue injunctive relief in the absence of a properly-filed complaint" and that the case "should be dismissed because Leiphart ha[d] not filed a complaint" and only "filed a motion for preliminary injunctive relief" (citations omitted)), *report and recommendation adopted*, 2025 WL 1638183 (N.D. Fla. June 9, 2025). Plaintiff's case is subject to dismissal on this basis alone.

### II. Three-Strikes Rule

Nevertheless, the Court will dismiss this case for the additional reason that Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g). "To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee." *Rivera v. Allin*, 144 F.3d 719, 722 (11th Cir. 1998) (citing 28 U.S.C. § 1914(a)), *overruled on other grounds by Jones v. Bock*,

549 U.S. 199 (2007).  A person that is "unable to pay such fees or give security therefor" can avoid prepaying the filing fee by filing a motion to proceed *in forma pauperis*.  28 U.S.C. § 1915(a).  However, the statute provides a major exception to this rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).  The purpose of this provision, also known as the "three-strikes rule," is "to curtail abusive prisoner litigation" by only allowing "a prisoner to file three meritless suits at the reduced rate provided by that section. . . . After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)).  If, after receiving three "strikes," a prisoner files a new suit while moving to proceed *in forma pauperis*, "a court must dismiss the prisoner's case." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Plaintiff is a prolific filer in this District[1] who qualifies as a three-striker under 28 U.S.C. § 1915(g).  This is because Plaintiff has filed at least three civil actions while incarcerated that were each dismissed as frivolous or for failure to state a claim upon which relief can be granted.

---

[1] During his incarceration, Plaintiff has filed at least twelve cases in this District besides the instant one. *See Bless v. Florida*, No. 22-CV-80746 (S.D. Fla. May 16, 2022); *Bless v. Shephard*, No. 23-CV-80980 (S.D. Fla. June 29, 2023); *Bless v. Fla. Dep't of Corr.*, No. 23-CV-24594 (S.D. Fla. Dec. 4, 2023); *Bless v. Bradshaw*, No. 23-CV-81554 (S.D. Fla. Dec. 11, 2023); *Bless v. Fla. Dep't of Corr.*, No. 23-CV-24727 (S.D. Fla. Dec. 13, 2023); *Bless v. Florida*, No. 24-CV-80164 (S.D. Fla. Feb. 12, 2024); *Bless v. Acosta*, No. 24-CV-21343 (S.D. Fla. Apr. 10, 2024); *Bless v. Fla. Dep't of Corr.*, No. 24-CV-80636 (S.D. Fla. May 17, 2024); *Bless v. Palm Beach Cnty. Sheriff's Off.*, No. 24-CV-80638 (S.D. Fla. May 17, 2024); *Bless v. Florida*, No. 25-CV-81525 (S.D. Fla. Dec. 8, 2025); *Bless v. Centurion Health of Fla. LLC*, No. 24-CV-24968 (S.D. Fla. Dec. 18, 2024); *Bless v. Fla. Dep't of Corr.*, No. 25-CV-23327 (S.D. Fla. July 25, 2025).  Plaintiff also filed at least one case in the Middle District of Florida.  *See Bless v. Dixon*, No. 24-CV-00085 (M.D. Fla. Jan. 23, 2024).

*See* Order on Screening, *Bless v. Bradshaw*, No. 23-CV-81554 (S.D. Fla. Dec. 13, 2023), ECF No. 6 at 5 (dismissing Plaintiff's complaint both "as frivolous and for failure to state a claim upon which relief can be granted"); Order Dismissing Civil Rights Complaint, *Bless v. Acosta*, No. 24-CV-21343 (S.D. Fla. May 13, 2024), ECF No. 7 at 10 (dismissing Plaintiff's complaint for failure to state a claim and granting leave to amend);[2] Order, *Bless v. Dixon*, No. 24-CV-80636 (S.D. Fla. May 22, 2024), ECF No. 5 at 3 (dismissing Plaintiff's complaint as "a quintessential shotgun pleading" that failed to state a claim for relief); Order Dismissing Complaint Without Prejudice, *Bless v. Centurion Health of Fla., LLC*, No. 24-CV-24968 (S.D. Fla. Jan. 29, 2025), ECF No. 12 at 6 (dismissing Plaintiff's complaint as "an impermissible shotgun pleading that fail[ed] to give Defendants enough clarity to respond" and granting leave to amend).

Thus, to sustain this action, Plaintiff must show that "he is under imminent danger of serious physical injury." *Medberry*, 185 F.3d at 1192. A plaintiff must affirmatively "allege facts showing that he was in any danger of imminent harm" at the time he filed his complaint. *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020). Aware of his three-striker status, Plaintiff insists that he "is in imminent danger of suffering irreparable harm[.]" Pet. at 2. In short, Plaintiff alleges that Defendant Acosta directed other corrections officials "to physically assault" him, causing hand fractures and "physical injuries" to his "face, ears, neck, head, [and] both sides of his body," and "forced" Plaintiff to shave his "religious beard [and] face[.]" *Id.* "[W]ithin 14 days," Defendants

---

[2] While the court permitted Plaintiff to file an amended pleading, leave to amend under Federal Rule of Civil Procedure 15(a) does not render the dismissal any less a "strike" under 28 U.S.C. § 1915(g). *See Lee v. Blackmon*, No. 13-CV-633, 2015 WL 1003322, at *7 (N.D. Fla. Mar. 6, 2015) (relying on *Harris v. Garner*, 216 F.3d 970, 983 (11th Cir. 2000) (stating, in reference to the Prison Litigation Reform Act's exhaustion requirement, "[Federal Rule of Civil Procedure] 15(d) does authorize a court to permit a party to supplement a pleading even though the original pleading is defective in its statement of a claim for relief or defense. But that rule does not and cannot overrule a substantive requirement or restriction contained in a statute")).

"will come to re-inspect" Plaintiff, and he alleges that "they will . . . cause[ ] caterstrophic [sic] damages or even death . . . if there's any facial hair on [his] face." *Id.* at 3. Plaintiff repeats virtually identical allegations in his corresponding Declaration. *See generally* Decl.

But Plaintiff has merely recited consternation about future harm that cannot be enough to satisfy the exception. Indeed, "[i]f fears about the future made for an 'imminent danger of serious physical injury,' the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims." *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017). And since Plaintiff's allegations of imminent danger rest on conjecture and depend exclusively on past events, he, without more, cannot cure his three-striker status. *See Cole v. Tifft*, No. 09-CV-260, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (recognizing that allegations describing "merely a hypothetical or speculative danger" and which "fail[ ] to suggest that any specific threat has been made against [the] plaintiff" are insufficient to satisfy the imminent-danger exception (citations omitted)); *see, e.g.*, *Dice v. Inch*, No. 20-CV-5777, 2020 WL 5803252, at *3 (N.D. Fla. Sept. 3, 2020) ("Dice's allegations of a future risk of attacks by guards, based on harassment and threats, are too speculative and generalized to constitute imminent danger of physical harm." (citations omitted)), *report and recommendation adopted*, 2020 WL 5802338 (N.D. Fla. Sept. 29, 2020); *Coleman v. Dep't of Corr.*, No. 08-CV-191, 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) ("[A]lthough Plaintiff alleges he has been assaulted 'more than once' and that he fears for his safety, these general allegations that are not grounded in specific facts indicating that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)."). Therefore, as Plaintiff cannot meet the imminent-danger exception and has not paid the filing fee, this case must be dismissed.

### III. Emergency Motion Mechanism

Lastly, Plaintiff's pleading violates this District's Local Rules' procedures for filing emergency motions. Local Rule 7.1(d)(1) provides that, "unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion." S.D. FLA. L.R. 7.1(d)(1). The movant must also include "a certification that the matter is a true emergency." *Horacius v. Richard*, No. 23-CV-62149, 2024 WL 5103656, at *1 (S.D. Fla. Mar. 15, 2024) (citing S.D. FLA. L.R. 7.1(d)(1)). Plaintiff's filing was improperly submitted as an "Emergency Petition," as he seeks injunctive relief within fourteen days (rather than seven), and, despite his imminent-danger woes, Plaintiff has not formally certified the exigency of his request in the manner required by Local Rule 7.1(d)(1). Plaintiff is advised not to abuse the emergency motion mechanism, or he may be subject to future sanctions.

### IV. Sanctions Warning

As the Court has explained, Plaintiff is an experienced and vexatious litigant who has filed at least fourteen cases in Florida's federal courts thus far. The Court warns Plaintiff that a *pro se* litigant has "no license" to "clog the judicial machinery with meritless litigation" and "abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (cleaned up). If Plaintiff continues to submit abusive and frivolous filings, he will subject himself to sanctions—which may include monetary sanctions and restrictions on his ability to initiate lawsuits *pro se*. *Cf. Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) ("[Plaintiff] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (acknowledging that *pro se* litigants are "subject to sanctions like any other litigant").

\* \* \*

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Alfredo Bless's *pro se* "Emergency Petition for Temporary Restraining Order," [ECF No. 1], is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**, and all deadlines, if any, are **TERMINATED**. This case is **CLOSED**

**DONE AND ORDERED** in Miami, Florida, this 29th day of December, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Alfredo Bless
S51819
South Florida Reception Center
Inmate Mail/Parcels
14000 NW 41st Street
Doral, FL 33178
PRO SE